UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE C. EDMONDS, Director of the Commonwealth of Massachusetts Department of Workforce Development,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELAINE L. CHAO, Secretary of Labor; and UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　Defendants. | Civil Action No. 05-10717 RGS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND TO TRANSFER

### PRELIMINARY STATEMENT

This case originated when the plaintiff, Jane C. Edmonds, Director of the Commonwealth of Massachusetts Department of Workforce Development, filed suit in this Court, seeking review of the March 11, 2005 Final Decision and Order of the Administrative Review Board of the United States Department of Labor ("DOL") affirming the disallowance of certain funds provided to the Commonwealth under the now-repealed Job Training Partnership Act of 1982 ("JTPA"), 29 U.S.C. §1501 et seq., and ordering the Commonwealth to repay $8,925,381. Director Edmonds alleges that jurisdiction exists under the Administrative Procedure Act, 5 U.S.C. §§701-706 and the Declaratory Judgment Act, 28 U.S.C. §2201, "because judicial review of the decision is otherwise unavailable" inasmuch as the judicial review provision of the JTPA, 29 U.S.C. §1578(a), was repealed effective July 1, 2000. See Petition for Judicial Review ¶¶4-5.

This case should be dismissed for lack of subject matter jurisdiction. Although Director Edmonds is correct that the JTPA was repealed effective July 1, 2000, application of the general savings clause, 1 U.S.C. §109, compels the conclusion that the JTPA, including §1578(a), is deemed to be in force and effect as to the underlying dispute between the parties. Consequently, this Court lacks jurisdiction over this action because §1578(a) vests such jurisdiction in the courts of appeals. In the alternative, and for the same reason, this Court should transfer this matter, pursuant to 28 U.S.C. §1631, to the United States Court of Appeals for the First Circuit.

## BACKGROUND

**1.** Congress enacted the JTPA in 1982 to provide federal funding to state governments to finance job training and employment programs for economically disadvantaged individuals. During the period that the JTPA was in effect, states received funds for use in state-wide and local programs to "prepare youth and adults facing serious barriers to employment for participation in the labor force by providing job training and other services that will result in increased employment and earnings * * *." 29 U.S.C. §1501, repealed by Pub. L. No. 105-220, Title I, §199(b)(2), (c)(1)(B), 112 Stat. 1059-60. Under the JTPA, DOL disbursed job training grants to individual states pursuant to agreements between the Secretary of Labor and the Governor. See 29 U.S.C. §1531, repealed by Pub. L. No. 105-220, Title I, §199(b)(2), 112 Stat. 1059-60; 20 C.F.R. §627.200 (1994-96).

The JTPA provided that "[e]very recipient shall repay to the United States amounts found not to have been expended in accordance with this [Act]." 29 U.S.C. §1574(d), repealed by Pub. L. No. 105-220, Title I, §199(b)(2), 112 Stat. 1059-60. The JTPA further provided that a recipient upon whom a corrective action or a sanction has been imposed can request a hearing before a DOL administrative law judge ("ALJ"). See 29 U.S.C. § 1576(a), repealed by Pub. L. No. 105-220, Title

I, §199(b)(2), 112 Stat. 1059-60. If a recipient was dissatisfied with a decision of an ALJ, the recipient could appeal to the Secretary of Labor, specifically identifying exceptions to the decision. See 29 U.S.C. § 1576(b), repealed by Pub. L. No. 105-220, Title I, §199(b)(2), 112 Stat. 1059-60. Finally, the JTPA provided that an applicant dissatisfied by a final order of the Secretary "may obtain review of such final order in the United States Court of Appeals having jurisdiction over the applicant or recipient of funds, by filing a review petition within 30 days of such final order." 29 U.S.C. §1578(a)(1), repealed by Pub. L. No. 105-220, Title I, §199(b)(2), 112 Stat. 1059-60.

The JTPA was repealed effective July 1, 2000, by the Workforce Investment Act of 1998, Pub. L. No. 105-220, § 199(b)(2), 112 Stat. 1059-60.

**2.** This underlying dispute involves DOL's action establishing the misexpenditure of JTPA grant funds by the Commonwealth of Massachusetts and its subrecipient, the City of Lynn, and to recover the amount of those funds from Massachusetts. See In re: Commonwealth of Massachusetts v. United States Department of Labor, ARB Case No. 04-170, 2005 WL 584884, *1 (March 11, 2005). Following a lengthy audit process, the DOL Grant Officer issued a Revised Final Determination finding that $9,107,986 in costs that Massachusetts had claimed for JTPA operations for the City of Lynn during the period July 1, 1994 through June 30, 1996, should be disallowed, and that Massachusetts was not entitled to a waiver of liability. Id. The Commonwealth timely requested a hearing before an ALJ. Id.

On July 27, 2004, following a remand from the Administrative Review Board, the ALJ issued a Supplemental Decision and Order Upon Remand, determining that the Grant Officer had properly disallowed the entire $9,107,986 in costs, and that Massachusetts was not entitled to a waiver of liability. Id. *2. The Commonwealth timely took exceptions to the ALJ's ruling.

On March 11, 2005, the Administrative Review Board found that the Commonwealth had failed to establish a basis for overturning the Grant Officer's disallowance of costs, and further found that the law and evidence supported the ALJ's determination that Massachusetts was not entitled to a waiver of liability. Id. **3-32. Consequently, with the exception of $182,605, which the Grant Officer had conceded should be disallowed, see id. **22, 33, the Administrative Review Board upheld the decision of the ALJ, and ordered Massachusetts to pay $8,925,381. Id. *33. This lawsuit followed.

## **ARGUMENT**

**I.    JURISDICTION OF THIS CASE REMAINS IN THE COURT OF APPEALS PURSUANT TO §1578(a) AND THE GENERAL SAVINGS CLAUSE, 1 U.S.C. §109**

Director Edmonds contends that this suit is properly brought in this Court "because judicial review of the decision is otherwise unavailable," pointing to the fact that the judicial review provision of the JTPA, 29 U.S.C. §1578(a), was repealed effective July 1, 2000. See Petition for Judicial Review ¶¶4-5. That is incorrect. Pursuant to the general savings clause, 1 U.S.C. §109, the entirety of the JTPA, including §1578(a), is deemed to be in force and effect as to the underlying dispute between the parties.

The general savings clause provides, in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. §109. The Supreme Court has explained that the savings clause was intended to abolish the common law presumption that the repeal of a criminal statute results in the abatement of all

prosecutions that had not reached final disposition. See Warden v. Marrero, 417 U.S. 653, 660 (1974). The savings clause nonetheless has been applied in civil cases as well. See, e.g., De La Rama S.S. Co. v. United States, 344 U.S. 386, 389-91 (1944) (savings clause permitted suit in admiralty to recover for loss of ship insured under War Risk Insurance Act, notwithstanding the repeal of that Act); Commonwealth of Massachusetts v. Secretary of Agriculture, 984 F.2d 514, 518-20 (1st Cir. 1993) (savings clause permitted Food and Nutrition Service to levy sanctions on Commonwealth of Massachusetts for fiscal year 1982 notwithstanding the repeal of the relevant statutory quality control program effective October 1, 1982); Keener v. Washington Metropolitan Area Transit Auth., 800 F.2d 1173, 1179 (D.C. Cir.1986) (by virtue of savings clause, repeal of District of Columbia Workers' Compensation Act of 1928 did not result in a forfeiture of the remedies available at the time of repeal for injuries incurred prior to repeal).

The decisions in De La Rama and Commonwealth of Massachusetts are instructive. In De La Rama, a suit in admiralty, the petitioner sought to recover for its loss of the M.V. Dona Aurora, which was sunk by enemy action on December 25, 1942, pursuant to a war risk policy issued under the War Risk Insurance Act of 1940. On July 25, 1947, Congress passed a Joint Resolution ending a large body of war powers, including the War Risk Insurance Act. On appeal, the United States contended that, although its obligation as an insurer survived the repeal of the War Risk Insurance Act, the liability could only be enforced in the Court of Claims, not in federal district court, as under the Act. The Supreme Court unanimously rejected this contention, holding that, "[b]y the General Savings Statute Congress did not merely save from extinction a liability incurred under the repealed status; <u>it saved the statue itself</u> * * *." 344 U.S. at 389 (emphasis added). Indeed, the Court noted that, because interest accrues from the time of filing suit in admiralty cases in federal district court,

while in the Court of Claims interest did not run until the entry of judgment, "in this case the liability under the statute is not wholly saved unless that portion of the statute which gives the District Court jurisdiction also survives." Id.

The Court also distinguished between "the repeal of statutes solely jurisdictional in their scope and the repeal of statutes which create rights and also prescribe how the rights are to be vindicated." Id. at 390. As to the former statutes, the Court explained, "[w]hen the very purpose of Congress is to take away jurisdiction, of course [the statute] does not survive, even as to pending suits, unless expressly reserved." Id. As to the latter statutes, the Court explained that, by contrast, "where the object of Congress was to destroy rights in the future while saving those which have accrued, to strike down enforcing provisions that have special relation to the accrued right and as such are part and parcel of it, is to mutilate that right and hence to defeat rather than further the legislative purpose." Id.

Likewise, in Commonwealth of Massachusetts, the Commonwealth of Massachusetts contended that, because Congress repealed the quality control program statute governing the distribution of food stamps by states effective October 1, 1982, the Food and Nutrition Service had no authority to levy sanctions on the Commonwealth for actions taken during fiscal year 1982. The First Circuit found no merit to this contention, holding that, "[o]n its face, section 109 seems adequate to preserve the authority by which FNS purposed to sanction the Commonwealth." 984 F.2d at 519. The First Circuit also rejected the Commonwealth's argument that, because the quality control program statute allowed for waivers of liability premised on subsequent corrective measures, it could not have incurred liability until such a waiver was denied. As the court explained: "The mere fact that Congress grants an agent the power to waive sanctions does not turn back the clock

-6-

and eradicate the reality of the underlying violation. Thus, we do not believe Congress intended that liability would be deemed 'incurred' under federal law, 1 U.S.C. §109, only when all opportunities for special dispensations had been exhausted and a previously imposed penalty had become irreversible." Id.

Application of the savings clause in this case compels the conclusion that the entirety of the JTPA, including §1578(a), are preserved for purposes of adjudicating the underlying dispute between Director Edmonds and DOL. As with the War Risk Insurance Act in De La Rama, the JTPA is not simply a jurisdictional statute, but rather is a comprehensive statute designed to provide for and regulate federal funding to state governments to finance job training and employment programs for economically disadvantaged individuals. See 29 U.S.C. §§1501-1781, repealed by Pub. L. No. 105-220, Title I, §199(b)(2), (c)(1)(B), 112 Stat. 1059-60. Hence, because the dispute between the parties involves the disallowance of costs that the Commonwealth claimed for JTPA operations for the City of Lynn during the period July 1, 1994 through June 30, 1996, a time period prior to the effective date of the JTPA's repeal, the savings clause serves to "save[] the statute itself," De La Rama, 344 U.S. at 389, and, under §1578(a), jurisdiction over petitions for review from final orders of the Secretary is vested solely in the court of appeals. See Telecommunications Research & Action Ctr. v. Federal Communications Comm'n, 750 F.2d 70, 77 (D.C. Cir.1984) ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). This Court therefore lacks subject matter jurisdiction over this action because §1578(a) vests such jurisdiction solely in the courts of appeals.

.

## II.   THIS CASE SHOULD BE TRANSFERRED TO THE COURT OF APPEALS

Because jurisdiction over this case lies in the court of appeals under §1578(a), this case should be transferred to the First Circuit pursuant to 28 U.S.C. §1631. That statute provides, in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. §1631. In order to transfer an action under §1631, the transferor court must itself determine whether jurisdiction is proper in the transferee court. See, e.g., United States v. Heller, 957 F2d 26, 27 (1st Cir. 1992) ("The statutory language [of §1631] makes it clear that in order for the transferor court to decide whether the statutory requirements are met, the transferor court must first decide whether the appeal could have been brought in the transferee court at the time it was filed.").

In this case, the final order of the Secretary was issued on March 11, 2005, and Director Edmonds therefore was required to file suit pursuant to §1578(a) within 30 days of that final order. Because the 30th day following March 11, 2005, fell on a Sunday, a timely petition for review in the court of appeals would have been due on April 11, 2005. See Fed. R. App. P. 26(a)(3) (in computing time, "[i]nclude the last day of the period unless it is a Saturday, Sunday, legal holiday, or–if the act to be done is filing a paper in court–a day on which the weather or other conditions make the clerk's office inaccessible"); Fed. R. App. P. 20 ("All provisions of these rules, except Rules 3-4 and 22-23,

apply to the review or enforcement of an agency order."). Director Edmonds filed this action in district court on April 11, 2005. Hence, because this action would have been timely if it had been filed in the court of appeals, transfer of this action to the United States Court of Appeals for the First Circuit is appropriate under §1631.

## CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action because §1578(a) vests such jurisdiction in the courts of appeals. This Court therefore should transfer this matter, pursuant to 28 U.S.C. §1631, to the United States Court of Appeals for the First Circuit.

|  |  |
|---|---|
| OF COUNSEL | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN |
| HOWARD M. RADZELY | United States Attorney |
| Solicitor of Labor |  |
| CHARLES D. RAYMOND | By: /s/ Mark T. Quinlivan |
| Associate Solicitor for Employment | MARK T. QUINLIVAN |
| and Training Legal Services | Assistant U.S. Attorney |
| HARRY L. SHEINFELD | United States Attorney's Office |
| Counsel for Litigation | John Joseph Moakley U.S. Courthouse |
| FRANK P. BUCKLEY | 1 Courthouse Way, Suite 9200 |
| Attorney | Boston, MA 02210 |
| Office of the Solicitor | 617-748-3606 |
| U.S. Department of Labor |  |

Dated: June 16, 2005