UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

No. 05-CV-10717-RGS

JANE C. EDMONDS, as she is Director of the Commonwealth of Massachusetts Department of Workforce Development,

                Petitioner,

v.

ELAINE CHAO, as she is United States Secretary of Labor, and UNITED STATES DEPARTMENT OF LABOR,

                Respondents.

PETITIONER'S PARTIAL OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AND TO TRANSFER

The petitioner, Jane C. Edmonds, as she is Director of the Commonwealth of Massachusetts Department of Workforce Development ("Commonwealth") opposes the Defendants' June 16, 2005, Motion to Dismiss and to Transfer only insofar as it could be read to permit the dismissal of the Commonwealth's April 11, 2005, Petition for Judicial Review without a prior or concurrent transfer to the United States Court of Appeals for the First Circuit. As described below, the Commonwealth does not oppose the transfer of this matter to the Court of Appeals in accordance with 28 U.S.C. § 1631.

FACTUAL BACKGROUND/ARGUMENT

On April 11, 2005, the Commonwealth filed its Petition for Judicial Review, seeking review and partial reversal of the March 11, 2005, Final Decision and Order of the Administrative Review Board of the United States Department of Labor affirming the

disallowance of certain funds provided to the Commonwealth in connection with the now-repealed Job Training Partnership Act of 1982, 29 U.S.C. §§ 1571-1583.  See April 11, 2005, Petition for Judicial Review ("Petition"), Introduction.  Under the Job Training Partnership Act, judicial review of the Administrative Review Board's decision would have been available in the Circuit Court of Appeals within 30 days of the issuance of the administrative decision.  See 29 U.S.C. § 1578(a), repealed effective July 1, 2000.  Because the Commonwealth believed that the repeal of § 1578(a) left it with no statutory method of review at the time the administrative decision was issued, the Commonwealth filed its Petition in this Court as permitted by the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the United States Declaratory Judgment Act, 28 U.S.C. § 2201, within 30 days of the issuance of the decision, as calculated under Fed. R. Civ. P. 6(a) (governing computation of time).  See Petition ¶¶ 4-5, 8.

In their June 16, 2005, Memorandum of Law in Support of Defendants' Motion to Dismiss and to Transfer ("Mem."), defendants argue that the Commonwealth erroneously filed its Petition in this Court under the Administrative Procedure Act and the Declaratory Judgment Act because judicial review remains available under the Job Training Partnership Act by operation of 1 U.S.C. § 109, the "general savings clause."  See Mem. at 4.[1]  Because, however, the Petition would have been timely filed under the judicial-review provision of the Job Training Partnership Act, 29 U.S.C. § 1578(a), the defendants seek transfer of this matter to the Circuit Court as permitted under 28 U.S.C. § 1631 ("Transfer to cure want of jurisdiction") rather than outright dismissal.  See Mem. at 8.

---

[1] Judicial review is available in this Court under the Administrative Procedure Act only if otherwise unavailable.  See 5 U.S.C. § 704 (providing for judicial review of a "final agency action for which there is no other adequate remedy in a court").

Defendants' argument that judicial review remains available under the Job Training Partnership Act, 29 U.S.C. § 1578(a), is not self-evident. The general savings clause, 1 U.S.C. § 109, provides that repealed federal statutes shall be treated as remaining in effect for the purpose of "sustaining any proper action or prosecution for the enforcement of . . . [any] penalty, forfeiture, or liability" incurred under a repealed statute. See 1 U.S.C. § 109. By its terms, this section maintains liability to the federal government under repealed statutes: it does not expressly allow for judicial review of administrative decisions issued under those statutes. Moreover, the cases defendants cite in their memorandum of law address continued prosecutorial or enforcement actions by the federal government, not claims for judicial review of those actions. See Mem. 5-7, and cases cited.

For these reasons, the Commonwealth does not necessarily agree that judicial review remains available under the Job Training Partnership Act by operation of the general savings clause. Nonetheless, in the interests of judicial economy, the Commonwealth will agree to the transfer of its Petition to the Court of Appeals for the First Circuit and, therefore, assents to the Defendants' Motion to the extent it envisions such a transfer.[2] To facilitate the transfer in accordance with these terms, the Commonwealth proposes a form of order, submitted herewith. Naturally, the Commonwealth opposes the Motion to the extent it can be read to permit the outright dismissal of its Petition, as the Commonwealth now would be time-barred from re-filing it in the Court of Appeals.

## CONCLUSION

---

[2] The Commonwealth's assent is contingent upon the Court of Appeals actually accepting the transfer and asserting jurisdiction over the Petition.

    Because the Commonwealth's petition was filed in this Court 30 days after the issuance of the United States Department of Labor decision of which review is sought, the petition would have been timely filed in the Court of Appeals under 29 U.S.C. § 1578(a). Therefore, in the interest of justice in accordance with 28 U.S.C. § 1631, the Commonwealth's petition should be transferred to the Court of Appeals and treated in all aspects as if filed there in the first instance.

        Respectfully submitted,

        JANE C. EDMONDS, as she is Director of the Commonwealth of Massachusetts Department of Workforce Development,

        By her attorney,

        THOMAS F. REILLY
        ATTORNEY GENERAL

            s/Juliana deHaan Rice
        Juliana deHaan Rice, BBO 564918
        Assistant Attorney General
        Office of the Attorney General
        One Ashburton Place - Room 2019
        Boston, MA  02108
        (617) 727-2200, ext. 2062

            s/Robert K. Ganong
        Robert K. Ganong, BBO 184500
        Special Assistant Attorney General
        Department of Workforce Development
        Charles F. Hurley Building
        19 Staniford Street - 5th Floor
        Boston, MA  02114
        (617) 626-5600

Dated: June 24, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

No. 05-CV-10717-RGS

JANE C. EDMONDS, as she is Director of the
Commonwealth of Massachusetts Department of Workforce Development,

Petitioner,

v.

ELAINE CHAO, as she is United States Secretary of Labor,
and UNITED STATES DEPARTMENT OF LABOR,

Respondents.

[PROPOSED] ORDER

      Having reviewed the Respondents' June 16, 2005, Motion to Dismiss and to Transfer and the Petitioner's June 24, 2005, Partial Opposition thereto, this matter is hereby ORDERED to be TRANSFERRED to the Court of Appeals for the First Circuit in accordance with 28 U.S.C. § 1631 and DISMISSED only upon acceptance and docketing in that court.

                                                  Richard G. Stearns
                                                  United States District Judge

Dated: